**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Earl Wade, Jr., | ) | No. CV-11-1985-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al, | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 10), and petitioner's reply (doc. 15). We also have before us the report and recommendation of the United States Magistrate Judge (doc. 16), recommending that the petition be denied, and petitioner's objections (doc. 20).

Petitioner was found guilty by a jury of one count of forgery in connection with his attempt to cash a stolen check. He was sentenced as a repetitive offender to a mitigated 8.5 year prison term.

On October 24, 2011, petitioner filed a timely petition for writ of habeas corpus raising four grounds for relief. In Ground I, he argues that the trial court erred in vacating the preliminary hearing, that he was "improperly advised during the process of criminal procedure," he was innocent but was "continually offered pleas," "an adequate investigation was never done," "no witnesses [were] obtained in [his] favor," and there were "altered

1  transcripts." In Ground II, petitioner asserts a claim of prosecutorial misconduct based on
2  the prosecutor's failure to investigate his guilt and failure to disclose potentially exculpatory
3  evidence. In Ground III, petitioner contends that trial counsel was ineffective for failing to
4  (1) obtain evidence in petitioner's favor, (2) challenge a witness's perjured testimony, (3)
5  object to evidence regarding the car burglary during which the check was stolen, and (4)
6  conduct his own investigation. In Ground IV, petitioner asserts a claim of "withholding
7  information."

8        The Magistrate Judge concluded that the claims asserted in Grounds I, II and IV are
9  either procedurally defaulted, or are state law claims that are not cognizable on federal
10 habeas review. The Magistrate Judge also concluded that the ineffective assistance claims
11 asserted in Ground III are properly before the court, but fail on the merits.

12       In his objections to the report and recommendation, petitioner challenges the
13 Magistrate Judge's conclusion only with respect to the ineffective assistance of counsel
14 claim. He argues that counsel was ineffective for failing to call witnesses on his behalf,
15 failing to conduct his own investigation, and failing to object to the evidence of the burglary
16 during which the check was stolen.

17       Under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), a petitioner
18 must show both that counsel's performance was objectively deficient and that counsel's
19 deficient performance prejudiced the outcome of the proceeding. Id. at 687, 104 S. Ct. at
20 2064. To be deficient, counsel's performance must fall "outside the wide range of
21 professionally competent assistance." Id. at 690, 104 S. Ct at 2066. To establish that he
22 suffered prejudice, petitioner must demonstrate a "reasonable probability that, but for
23 counsel's unprofessional errors, the result of the proceeding would have been different." Id.
24 at 694, 104 S. Ct at 2068.

25       After conducting a *de novo* review of the issues, we agree with the Magistrate Judge
26 that petitioner has not shown either that counsel's performance was deficient or, even if it
27 was deficient, that he was prejudiced as a result. We also agree with the Magistrate Judge
28 that petitioner's remaining grounds for relief are either procedurally barred or not cognizable

1  on federal habeas review.

2  Accordingly, **IT IS ORDERED DENYING** the petition for writ of habeas corpus
3  (doc. 1). Because petitioner has not made a substantial showing of the denial of a
4  constitutional right and because the dismissal of the petition is justified by a plain procedural
5  bar and jurists of reason would not find the procedural ruling debatable, **IT IS FURTHER**
6  **ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis*
7  on appeal.

8  DATED this 24th day of August, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge